**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOHAMMED ABUOJAYLAH ALI ANBEES; MOHAMMED ABUOJAYLAH ALI ANBEES FOR THE ESTATES OF ABUOJAYLAH ALI MOHAMMED ANBEES, MOHANAD ABUOJAYLAH ALI ANBEES, AND HAMZA AMAR JUMMA BARBASH<br>Harir Street<br>Espiaa, Libya<br><br>Plaintiffs,<br><br>v.<br><br>KHALIFA HIFTER<br>Ar Rajmah, Libya,<br><br>SADDAM HIFTER<br>Ar Rajmah, Libya,<br><br>AND<br><br>PAVEL PRIGOZHIN<br>Individually and as administrator of the Estate of Mr. Yevgeny Prigozhin<br>PMC Wagner Center<br>Saint Petersburg, Russia<br><br>Defendants. | CIVIL ACTION NO. 1:23-cv-02061<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS** |

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS</u>

Plaintiffs Mohammed Abuojaylah Ali Anbees, Mohammed Abuojaylah Ali Anbees for the Estates of Abuojaylah Ali Mohammed Anbees, Mohanad Abuojaylah Ali Anbees, and Hamza Amar Jumma Barbash ("Plaintiffs") respectfully submit the following memorandum in support of their Motion for Leave to Serve Process by Alternative Means.

**BACKGROUND**

Plaintiffs filed this action on July 18, 2023, and recently amended it on April 29, 2025, seeking to hold accountable three named defendants who participated in the torture and/or murder of the Plaintiffs. Saddam Hifter was successfully served while in Washington, DC on April 29, 2025. However, Khalifa Hifter and Pavel Prigozhin (the "Alternative Service Defendants") have not yet been served. Because the Alternative Service Defendants reside in Libya and Russia, respectively, Plaintiffs cannot utilize many of the means that would be available for serving foreign defendants residing in other countries. *See e.g., Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *2, *4 (S.D.N.Y. Mar. 23, 2005) (authorizing alternative means of service against a resident of Saudi Arabia, in part, because locating a process service in Saudi Arabia is extremely difficult).

Plaintiffs attempted to serve the Alternative Service Defendants in this action pursuant to Federal Rule of Civil Procedure 4(f)(2)(A). Accordingly, Plaintiffs now move for leave to serve process by alternative means on the Alternative Service Defendants pursuant to Fed. R. Civ. P. 4(f)(3). Specifically, Plaintiffs seek this Court's approval to serve the Alternative Service Defendants by publication in two newspapers circulated in Libya and Russia, respectively.

**ARGUMENT**

Service of process on individual defendants located in a foreign country is governed by Federal Rule of Civil Procedure 4(f).[1] Under Rule 4(f)(3), this Court may direct service "by other

[1] Rule 4(f) states that such service may be completed:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . .;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an

means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Lagayan v. Odeh*, 318 F.R.D. 208, 210 (D.D.C. 2016) (approving of personal delivery as a method of alternative service where it would minimize offense to foreign law). "[T]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014) (citation and quotation marks omitted). Service by alternative means under Rule 4(f)(3) "is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (internal quotation marks omitted). To justify alternative service under Rule 4(f)(3), a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Id.* at 1016. Rather, the party seeking leave for alternative service must demonstrate that the party has undertaken reasonable efforts to complete service and that the facts and circumstances of the present case necessitate the court's intervention. *See id.*; *see also United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012).

In authorizing an alternative method of service under Rule 4(f)(3), the court must analyze whether the proposed method is "reasonably calculated" to offer the defendant notice of the action and an opportunity to respond with their objections, *see, e.g.*, *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007), and whether the proposed mechanism of service

---

action in its courts of general jurisdiction;
(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by:
(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.

is prohibited by any applicable international agreement, Fed. R. Civ. Proc. 4(f)(3); *see, e.g.*, *Indep. Film Dev. Corp. v. Junior Capital Inc.*, No. 2015 WL 12778352, at *3–4 (C.D. Cal. July 9, 2015). But "[n]o other limitations are evident from the text," *Rio Properties, Inc.*, 284 F.3d at 1014, and service under Rule 4(f)(3) may be accomplished even if the alternative means would contravene the law of the country in which service is to be perfected. *See Freedom Watch, Inc.*, 766 F.3d at 84 (citing *Rio Properties, Inc.*, 284 F.3d at 1014).

***A. Plaintiffs have made reasonable efforts to complete service, which have been unsuccessful as to two Defendants, and the facts and circumstances here necessitate the Court's authorization of alternative service under Rule 4(f)(3).***

Courts have recognized that serving defendants residing in Libya and Russia can be extremely difficult and often impracticable, necessitating court intervention to permit service by alternative means. *See, e.g., Juniper Networks, Inc. v. Bahattab*, No. C 07-1771 CW, 2008 WL 250584, at *1–2 (D.D.C. Jan. 30, 2008) (permitting alternative service where plaintiff made unsuccessful attempts through mail and personal delivery); United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (approving alternative service after plaintiffs undertook reasonable efforts). Here, Plaintiffs have diligently attempted to serve the Alternative Service Defendants, Khalifa Hifter and Pavel Prigozhin, but have encountered insurmountable obstacles. Given the substantial risks, unavailability of traditional channels, and the Defendants' influence over hostile or uncooperative jurisdictions, court-directed service under Rule 4(f)(3) is not only appropriate but necessary.

*1. Plaintiffs cannot serve the Alternative Service Defendants pursuant to an applicable international agreement, and any service method relying on the cooperation of Libyan and Russian courts is unlikely to prove successful.*

Libya is not a party to the Hague Convention on the Service of Judicial Documents ("Hague Convention"), or any other international treaty with the United States governing service of process,

so Plaintiffs cannot use an "internationally agreed means of service" to serve defendants. Fed. R. Civ. P. 4(f)(1). Furthermore, although Russia is a signatory to the Hauge Convention, it has formally objected to alternative means of service under Articles 8-10 of the Hague Convention (i.e., via postal channels, diplomatic agents, or judicial officers), severely restricting the Plaintiff's ability to serve Pavel Prigozhin. Rule 4(f)(2)(A) contemplates service through the means employed by Libya's and Russia's courts of general jurisdiction. As such, Plaintiffs cannot use the Hague Convention to serve Defendant Prigozhin. Rule 4(f)(2)(A), which permits service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," is also unavailable. The domestic procedures of both Libya and Russia are either inaccessible or hostile to judicial cooperation with the United States.

In the present case, it is exceedingly unlikely that Plaintiffs will be able to serve Defendants through any means requiring cooperation by Libyan or Russian courts, such as the means contemplated by Rule 4(f)(2)(A). Defendant Khalifa Hifter is a warlord that controls much of Libya's territories. Defendant Pavel Prigozhin is a mercenary who has led the Wagner Group since 2023. Because of the influence Khalifa Hifter and Pavel Prigozhin have, as well as the threat of harm to any individual that seeks to serve legal documents on them, any attempts by Plaintiffs to complete service of process pursuant to Rule 4(f)(2)(A) would likely prove dangerous or futile.

2. *Attempting service through letters rogatory would be costly, inefficient, and likely futile.*

Likewise, because attempting service through letters rogatory would also require the cooperation of Libya's and Russia's courts, this method would also likely prove futile. See Fed. R. Civ. P. 4(f)(2)(B); U.S. Dep't of State, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html ("Letters rogatory are requests from

courts in one country to the courts of another country requesting the performance of an act . . .”).

In addition, attempting service through letters rogatory would impose a large burden on Plaintiffs. The process for requesting letters rogatory is expensive and can be extremely time-consuming. *See* Fed. R. Civ. P. 4(f)(2)(B); *see also* U.S. Dep't of State, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (“Execution of letters rogatory may take a year or more”); 22 C.F.R. § 22.1 (U.S. Department of State's Schedule of Fees listing the cost of processing a letter rogatory as $2,275). Indeed, the State Department itself “recommends against” use of letters rogatory where an alternative exists. *See Oueiss*, No. 1:20-cv-25022 (S.D. Fla. Jan. 18, 2021), ECF No. 22 at 14 (citing Service of Process, United States Department of State, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last updated Jun. 18, 2024)).

3. *Service through personal delivery is not reasonably feasible due to safety concerns and lack of available agents.*

Additionally, attempting service through personal delivery, as provided under Rule 4(f)(2)(C)(i), would be both costly and impracticable because of the dangers involved in attempting personal service on these Defendants in Libya and Russia. The potential for danger is particularly acute here because of the elite status of the Defendants in this matter. Plaintiffs have contacted several process servers regarding attempting personal service in this case and they have uniformly confirmed the peril of attempting to do so and the small likelihood of success in any event. Plaintiffs have been unable to locate a single process server willing even to risk an attempt. *See Lagayan v. Odeh*, 318 F.R.D. 208, 210–11 (D.D.C. 2016) (noting that personal service may not be reasonable where it would offend foreign law or endanger process servers). Accordingly, serving the Alternative Service Defendants by personal delivery is not an option for Plaintiffs.

*4. A;ternative service under Rule 4(f)(3) is justified and consistent with due process.*

Courts have repeatedly authorized alternative service in cases where traditional methods are unavailable or dangerous, as is the case here. *See, e.g.*, *de Leon v. Abudawood*, 2018 WL 6321632, at *3-4 (C.D. Cal. Oct. 23, 2018), *Juniper Networks*, 2008 WL 250584, at *1; *Ehrenfeld*, 2005 WL 696769, at *1-2; *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012). Accordingly, because Plaintiffs' reasonable efforts to complete service have been unsuccessful, would likely be futile, or would be too dangerous to attempt, service by alternative means, pursuant to Rule 4(f)(3), is warranted here.

***B. This Court should authorize Plaintiffs to serve the Alternative Service Defendants by alternative means pursuant to Rule 4(f)(3).***

As described below, Plaintiffs propose to serve the Alternative Service Defendants by publication in a manner that complies with due process and that is not prohibited by international agreement. Each of Plaintiffs' proposed forms of service is particularly appropriate because the Alternative Service Defendants have constructive notice of this suit.[2] Constructive notice weighs in favor of authorizing alternative forms of service pursuant to Rule 4(f)(3). *See Agha v. Jacobs*, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008) (finding it relevant that the plaintiff had "shown defendants likely already have actual notice" through prior means of delivery); *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4 (finding it "reasonable to assume that [the Defendant] has already received actual notice of this lawsuit" because his alter ego had been properly served).

News coverage of this action has been global and pervasive.[3] In these circumstances,

---

[2] Defendant Saddam Hifter, son of Defendant Khalifa Hifter, has been properly served with this suit, pursuant to Rule 4(e)(2)(A).

[3] *See, e.g.*, Adam Taylor, *Prigozhin Faces Lawsuit over Alleged Wagner Executions in Libya*, The Washington Times (Jul. 18, 2023), https://www.washingtonpost.com/world/2023/07/18/wagner-prigozhin-libya-lawsuit/; Ruth Sherlock, *Libyan man, who says he was tortured, wants to hold Wagner group accountable*, NPR (Jul. 31, 2023),

it is appropriate to find that the Defendants have constructive notice of this case. *See Dodson v. Hillcrest Sec. Corp.,* 95 F.3d 52, 1996 WL 459772 at *8 (5th Cir. 1996) ("plaintiffs have been charged with constructive notice of events that receive 'widespread publicity' or that are 'widely publicized'"). Pursuant to Rule 4(f)(3), Plaintiffs seek authorization to serve the Alternative Service Defendants through publication.

*Service by publication in newspapers circulated in Libya and Russia.*

Where it is "not reasonably possible or practicable to give more adequate warning," the Supreme Court has specifically sanctioned service by publication provided that service in this manner would be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 317 (1950); *see also Strange v. Islamic Republic of Iran*, No. 14-435, slip op. at 3 (D.D.C., Nov. 12, 2014), ECF No. 26. Courts have broad discretion to order alternative service under Rule 4(f)(3), *see In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d at 490, and courts have been flexible regarding the specific terms of the notice when approving service by publication.

In *Mwani v. Bin Laden, et al.*, for example, the D.D.C. granted the plaintiffs' request to serve defendants Osama Bin Laden and Al Qaeda by publication in the *Daily Washington Reporter, The International Herald Tribune*, and *Al-Quds Al-Arabi* (the last being the only publication of the three which was in Arabic). No. 99–125, slip op. at 4 (D.D.C. Aug. 2, 1999), ECF No. 23; *see also Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 167 (D.D.C. 2010) (authorizing service by publication in combination with another service method).

Here, Plaintiffs propose to serve the Alternative Service Defendants through publication in newspapers that are tailored to their respective regions and languages. Specifically, Plaintiffs seek

---

https://www.npr.org/2023/07/31/1191034016/libyan-man-who-says-he-was-tortured-wants-to-hold-wagner-group-accountable

to serve Defendant Khalifa Hifter by publishing notice of this action once a week for three consecutive weeks in *The New York Times International Edition*, the successor to the *International Herald Tribune*, and in *Libya Al-Ahrar*, a widely viewed Libyan Arabic-language media outlet known for its coverage of national political and military affairs. Plaintiffs propose to serve Defendant Pavel Prigozhin by publishing the same notice once a week for three consecutive weeks in *The New York Times International Edition* and in *Novaya Gazeta*, a prominent Russian-language newspaper known for independent reporting. These publications are reasonably calculated under the circumstances to apprise each Alternative Service Defendant of the pendency of this action, particularly given the global attention surrounding this case and the likelihood that both Alternative Service Defendants already have constructive notice.[4] Service by publication is not explicitly prohibited by Libyan law, Russian law, or an applicable international agreement. As such, publication in these two newspapers is reasonably calculated to give the Defendants notice of this action, particularly under the present circumstances where the Alternative Service Defendants likely already have constructive notice of this case, may be attempting to evade service, and each Alternative Service Defendant is being served by more than one means.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant leave to serve Alternative Service Defendants by publication, pursuant to Rule 4(f)(3).

Dated: September 30, 2025

Respectfully submitted,

*/s/Anas Bhairi*

[4] Cost permitting, Plaintiffs will publish the notice in this publication for a different timeframe, if the Court prefers.

Anas A. Bhairi
D.C. Bar No. 1614819
Libyan American Alliance
1800 K St NW
Washington, DC 20006
(202) 793-7977
anas.bhairi@spectra.law

Attorney for Plaintiffs