**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MOHAMMED ABUOJAYLAH ALI ANBEES**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**KHALIFA HIFTER**, *et al.*,<br><br>*Defendants.* | Case No. 1:23-cv-02061-AHA<br><br>HON. AMIR H. ALI |

**PLAINTIFFS' STATUS REPORT AND REQUEST FOR EXTENSION OF TIME
TO FILE RENEWED MOTION FOR ALTERNATIVE SERVICE**

Per this Court's Minute Order of December 11, 2025, Plaintiffs Mohammed Abuojaylah Ali Anbees, *et al.* respectfully submit this Status Report and request a 45-to-60-day extension of the April 13, 2026 deadline to file a renewed motion for alternative service of process under Federal Rule of Civil Procedure 4(f)(3) as to Defendants Khalifa Hifter and Pavel Prigozhin. As detailed below, Plaintiffs have made substantial progress since the Court's last order. They intend to file, within the requested extension period, (1) a standalone Rule 4(f)(3) motion seeking an order directing service of process upon Defendant Khalifa Hifter through his identified United States counsel in parallel federal litigation; and (2) a renewed Rule 4(f)(3) motion for service by publication upon Defendants Khalifa Hifter and Pavel Prigozhin, supported by the expert evidentiary record the Court's November 3, 2025 Minute Order indicated was required. Plaintiffs are also simultaneously filing a separate Request for Clerk's Entry of Default against Defendant Saddam Hifter, who was personally served on April 29, 2025, and whose time to respond expired on May 20, 2025.

## I.    BACKGROUND

This action arises under the Torture Victim Protection Act of 1991 ("TVPA"), 28 U.S.C. § 1350, and seeks damages for extrajudicial killing and torture. Plaintiffs are Libyan nationals—a surviving victim and the estates of three Libyan civilians—who allege that Defendants, acting in command authority over the Libyan National Army ("LNA") and Wagner Group mercenary forces, orchestrated their torture and killing during the LNA's 2019 campaign to invade Tripoli.

The procedural history of service efforts in this case is in prior status reports and need not be repeated at length here. In brief: On September 30, 2025, Plaintiffs filed a Motion for Service by Publication as to Defendants Khalifa Hifter and Pavel Prigozhin (ECF No. 17). On November 3, 2025, the Court denied that motion without prejudice, holding that Plaintiffs had not submitted "evidence showing that their proposed methods of service are reasonably calculated to provide notice." The Court directed Plaintiffs to file either proof of service or a renewed motion under Rule 4(f)(3) "accompanied by a supporting evidentiary record" by April 13, 2026. Minute Order, Dec. 11, 2025.

## II.    STATUS UPDATE AS TO EACH DEFENDANT

### A.  Defendant Saddam Hifter

Defendant Saddam Hifter was personally served with the Summons and Second Amended Complaint in Washington, D.C. on April 29, 2025. See ECF No. 15. His answer was due May 20, 2025. He has not answered, appeared, or otherwise defended this action in the ten months since that deadline. Contemporaneously with this Status Report, Plaintiffs are filing a separate Request for Clerk's Entry of Default against Defendant Saddam Hifter under

Federal Rule of Civil Procedure 55(a). Accordingly, no further discussion of service as to Defendant Saddam Hifter is required.

### B.  Defendant Khalifa Hifter

#### *Track 1: Service Through U.S. Counsel (Standalone Motion Forthcoming)*

Defendant Khalifa Hifter is a dual citizen of Libya and the United States who has been a party in multiple federal civil actions in this Circuit and in the Eastern District of Virginia arising from his conduct of LNA operations. He has been represented by United States counsel in those proceedings. Plaintiffs' prior Status Report (ECF No. 16) disclosed that counsel for Plaintiffs had contacted Defendant Khalifa Hifter's identified U.S. counsel in parallel litigation and requested that counsel voluntarily accept service; that request was declined.

The refusal to accept voluntary service does not foreclose this avenue. Under Rule 4(f)(3), this Court may order service "by other means not prohibited by international agreement." The D.C. Circuit held in *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74, 83–84 (D.C. Cir. 2014), that this Court abused its discretion when it failed to analyze and declined to authorize service on a foreign defendant through that defendant's retained U.S. counsel. *Accord Hashem v. Shabi*, No. CV 17-1645 (ABJ), 2018 WL 3382913, at *4–5 (D.D.C. Apr. 26, 2018); *Saleh v. Al Nahyan*, No. CV 20-1168 (ABJ), 2021 WL 7210780, at *4–5 (D.D.C. July 16, 2021). Counsel's consent is not a prerequisite; the court's order supplies the authorization. *See Freedom Watch*, 766 F.3d at 83; *Hashem*, 2018 WL 3382913, at *5. And this method satisfies due process it is "reasonably calculated, under all circumstances, to apprise [defendants] of the pendency of the action and afford [them] an opportunity to present [their] objections." *Saleh*, 2021 WL 7210780, at *5 (cleaned up).

Within the requested extension period, Plaintiffs will file a standalone Rule 4(f)(3) motion requesting an order directing that service of the Second Amended Complaint and Summons be effected upon Defendant Khalifa Hifter by serving his identified U.S. counsel of record, Robert H. Cox of BrigliaHundley PC, who represented Defendant Hifter through the conclusion of *Elzagally et al. v. Hifter*, No. 1:19-cv-00853-LMB-JFA (E.D. Va. Jan. 8, 2026), and *al-Suyid et al. v. Hifter et al.*, No. 1:20-cv-00170-LMB-JFA (E.D. Va. Apr. 9, 2026). This motion requires no expert declarations and presents no unresolved legal questions under controlling D.C. Circuit precedent.

### Track 2: Renewed Service by Publication (Expert Evidence Being Assembled)

In the event the Court declines to authorize service through U.S. counsel, or as a supplemental method, Plaintiffs intend to file a renewed publication motion supported by the evidentiary record the Court's November 3, 2025 Order identified as necessary. Plaintiffs' prior motion proposed publication outlets without supplying circulation data, expert testimony establishing those outlets' reach within Defendant Khalifa Hifter's geographic area of operations, or evidence connecting Defendant Khalifa Hifter to the proposed publications' information environment. These deficiencies are being remedied.

Specifically, Plaintiffs are engaged with a Libya media expert with documented expertise in Libyan press circulation and the LNA's communications infrastructure, who is preparing a declaration establishing: (a) the national and regional circulation of proposed print publication outlets in eastern Libya and the Benghazi/Ar Rajmah area; (b) the LNA's documented use of and connection to those outlets, including evidence that the LNA Media Office disseminates official statements through them; and (c) the absence of any applicable international agreement that would prohibit such publication (Libya is not a signatory to the

Hague Service Convention). These declarations require meaningful consultation, review of current conditions in Libya, and verification that identified outlets are willing and able to accept the proposed notices. Counsel estimates that this process will be complete within 45 to 60 days.

### C. Defendant Pavel Prigozhin – Revised Publication Approach

Plaintiffs have identified substantive deficiencies in the publication method proposed in their prior motion as to Defendant Pavel Prigozhin and are reconsidering the outlets they previously proposed. The earlier motion proposed *Novaya Gazeta* as a Russian publication vehicle. Upon further analysis, that selection was not optimal: as a well-known dissident outlet, *Novaya Gazeta* is not a publication with which an individual of Defendant Prigozhin's profile, background, and affiliations—as the successor-in-interest to the Wagner Group enterprise—would be expected to have meaningful contact. Plaintiffs are now identifying Russian-language publications with documented reach within Russian defense, security, and military-adjacent business circles, and are retaining a Russia media expert who can supply the evidentiary foundation the Court required.

In addition, Plaintiffs are investigating the availability of email service as a supplemental method under Rule 4(f)(3), consistent with *United States ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 117 (D.D.C. 2013), and *Sec. & Exch.Comm. v. Campo*, No. CV 24-2198 (TJK), 2025 WL 2603613, at *3–4 (D.D.C. Sept. 9, 2025). If a verified, active email address for Defendant Prigozhin or for his authorized representative can be confirmed, Plaintiffs will include email as a supplemental method in the renewed motion.

Plaintiffs acknowledge that Russia is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague

Service Convention"), opened for signature Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Plaintiffs will address in the renewed motion why Hague Convention channels are unavailable or impracticable as applied to Defendant Prigozhin, including the current geopolitical circumstances affecting Russia-U.S. judicial cooperation and the comprehensive sanctions designations applicable to the Wagner network. *See* Exec. Order No. 14,024, 86 Fed. Reg. 20,249 (Apr. 19, 2021); Office of Foreign Assets Control, U.S. Dep't of Treasury, Notice of OFAC Sanctions Actions, 87 Fed. Reg. 12,861 (Mar. 7, 2022) (Defendant Prigozhin designated June 26, 2017; redesignated Mar. 7, 2022, per Exec. Order No. 14,024). As this Court is aware, Rule 4(f)(3) may be invoked concurrently with Rule 4(f)(1), and courts in this Circuit do not require exhaustion of Hague Convention channels before authorizing alternative service. *See Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 16–17 (D.D.C. 2016).

## III.  REQUEST FOR 45-TO-60-DAY EXTENSION

For these reasons, Plaintiffs respectfully request a 45-to-60-day extension of the April 13, 2026 deadline, to and including **June 12, 2026**, within which to file:

1. A standalone Rule 4(f)(3) motion for service upon Defendant Khalifa Hifter through his U.S. counsel in parallel litigation; and

2. A renewed Rule 4(f)(3) motion for service by publication, supported by expert declarations, as to Defendants Khalifa Hifter and Pavel Prigozhin.

Good cause exists for the requested extension. This is a complex international service case involving defendants in Libya and Russia. The expert declarations required to meet the evidentiary standard articulated in the Court's November 3, 2025 Order—specifically, media-expert testimony regarding outlet circulation, defendant-outlet connection, and the absence

of applicable international-agreement bars—require substantive engagement with knowledgeable experts, review of current country conditions, and advance coordination with proposed publication outlets regarding willingness and procedures for accepting legal notices. Plaintiffs have diligently pursued these tasks since the Court's December 11, 2025 Order and are positioned to complete them within the requested period.

No defendant has appeared in this action or would be prejudiced by the requested extension. This is Plaintiffs' first request for an extension of this particular deadline.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court extend the deadline to file proof of service or a renewed Rule 4(f)(3) motion to June 12, 2026. Plaintiffs will file the standalone motion for service through U.S. counsel as to Defendant Khalifa Hifter, and the renewed publication motion as to Defendants Khalifa Hifter and Pavel Prigozhin, on or before that date, together with the supporting evidentiary record this Court requires.

Respectfully submitted,

_____/s/Abdel-Rahman Hamed_____
ABDEL-RAHMAN HAMED, ESQ.
DC Bar No. 1632130
**Hamed Law**
P.O. Box 25085
Washington, D.C. 20027

(202) 888-8846

Advocates@HamedLaw.com

*Attorney for Plaintiffs*