**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MOHAMMED ABUOJAYLAH ALI ANBEES**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**KHALIFA HIFTER**, *et al.*,<br><br>*Defendants.* | Case No. 1:23-cv-02061-AHA<br><br>HON. AMIR H. ALI |

**DECLARATION OF OMAR TABUNI IN SUPPORT OF
REQUEST FOR CLERK'S ENTRY OF DEFAULT
AGAINST DEFENDANT SADDAM HIFTER**

I, Omar Tabuni, declare:

1.      I am an investigator retained by counsel for Plaintiffs in this action. I submit this Declaration in support of Plaintiffs' Request for Clerk's Entry of Default against Defendant Saddam Hifter under Federal Rule of Civil Procedure 55(a). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently about them.

2.      This action arises from acts of torture and extrajudicial killing committed in Libya against Plaintiff Mohammed Abuojaylah Ali Anbees and members of his family. Plaintiffs filed their Second Amended Complaint on April 29, 2025. *See* ECF No. 12. The Second Amended Complaint names Saddam Hifter as a Defendant and sets forth allegations of his command responsibility and participation in the LNA's campaign of extrajudicial killing and torture. *See* ECF No. 12 ¶¶ 3, 9, 14, 46, 51, 87, 97, 103, 107. This Court has not entered any order striking or otherwise invalidating the Second Amended Complaint. The

Court's Minute Orders of July 1, 2025 and December 11, 2025 were each entered without any objection to or challenge to the operative pleading.

3.      Defendant Saddam Hifter is a son of Defendant Khalifa Hifter and a dual citizen of Libya and the United States. *See* ECF No. 12 ¶ 3. He is a natural person and an adult. The process server who personally served Saddam Hifter on April 29, 2025—as described more fully below—described the person served as a male, between 30 and 40 years of age, between 5'9" and 6'0" in height, between 131 and 160 pounds, of Middle Eastern appearance, with black hair. *See* ECF No. 15. This physical description is consistent with Saddam Hifter's known profile.

4.      Saddam Hifter holds the rank of Colonel in the Libyan Arab Armed Forces ("LAAF"), also known as the Libyan National Army ("LNA"). He rose to prominence within the LNA through familial influence, rapid military appointments, and his involvement in key strategic military operations, including serving as a senior commander in the LNA's 2019 offensive on Tripoli. *See* ECF No. 12 ¶¶ 3, 46. His identity and military role as a senior LAAF commander have been documented in official international records. Among other sources, the 2018 United Nations Security Council Panel of Experts Report—a report submitted to the Security Council pursuant to Security Council Resolution 1973 (2011) and publicly available—identifies "Captain Saddam" (subsequently promoted to Colonel) as the battalion commander who led the looting of the Libyan Central Bank, establishing his status as a named officer exercising independent command authority within the LNA. *See* U.N. Security Council, Panel of Experts on Libya, Report of 5 September 2018 (S/2018/812), pp. 10–11. Saddam Hifter is not a minor and is not incompetent.

5.      Saddam Hifter was personally served with the Summons in a Civil Action and Second Amended Complaint on April 29, 2025, at 2:23 p.m., at The Ritz-Carlton, 1150 23rd Street, N.W., Washington, D.C. 20037. A Return of Service—an Affidavit of Process Server executed under penalty of perjury by Maxwell Cook of Same Day Process Service, Inc., 1413 K Street, N.W., 7th Floor, Washington, D.C. 20005—reflecting this personal service was filed with the Court and appears on the docket at ECF No. 15.

6.      The circumstances of service were unambiguous and conclusive. Process server Maxwell Cook was directed to serve Saddam Hifter at The Ritz-Carlton in connection with a conference taking place at that location on April 29, 2025. Upon arriving, Mr. Cook spoke with a conference attendee and asked if he could point out Saddam Hifter. The attendee identified Saddam Hifter as the man currently on stage signing papers and indicated that Mr. Cook would likely be unable to speak with him. Mr. Cook waited for Saddam Hifter to finish on stage. When Saddam Hifter walked off the stage and began speaking with other attendees, Mr. Cook approached him, stated his name aloud, and Saddam Hifter made direct eye contact with Mr. Cook and extended his hand to accept the legal documents. Mr. Cook handed him the papers and stated, "You've been served." *See* ECF No. 15. The Return of Service further reflects that Saddam Hifter's response to the Summons and Second Amended Complaint was due no later than May 20, 2025.

7.      As of the date of this Declaration, Saddam Hifter has not filed an answer, a motion under Federal Rule of Civil Procedure 12, or any other responsive pleading in this action. He has not entered a notice of appearance through counsel. He has not sought an extension of time to respond. He has not contacted counsel for Plaintiffs in connection with this litigation.

8.      More than ten months have elapsed since the May 20, 2025 deadline for Saddam Hifter to respond expired. The time permitted by the Federal Rules of Civil Procedure for Saddam Hifter to plead or otherwise defend has expired, and no extension has been granted.

9.      I have conducted an investigation into whether Saddam Hifter is a member of the United States Armed Forces entitled to the protections of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq.

10.     Saddam Hifter is not, and has not been, a member of the United States Army, Navy, Air Force, Marine Corps, Coast Guard, Space Force, or any U.S. military reserves. He holds no commission in any branch of the United States Armed Forces and is not on active duty with any such branch.

11.     To the contrary, Saddam Hifter is a commissioned officer—holding the rank of Colonel—in the Libyan Arab Armed Forces, a foreign military force. The Second Amended Complaint itself alleges that, at all relevant times, Saddam Hifter acted under the actual or apparent authority or color of law of the LNA, having been appointed as one of the commanders of the LNA's military offensive on Libya's capital, Tripoli. *See* ECF No. 12 ¶ 103. The 2018 U.N. Security Council Panel of Experts Report independently identifies him as an LAAF battalion commander exercising independent command authority. *See* S/2018/812, pp. 10–11. Because Saddam Hifter serves as a commissioned officer in a foreign military force, he is not a "servicemember" within the meaning of 50 U.S.C. § 3911(1) and is not entitled to the protections of the Servicemembers Civil Relief Act.

I declare under penalty of perjury according to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 13, 2026.

ID mkGBYvAT86mkqjHPHccrLNPU

OMAR TABUNI