UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABUOJAYLAH ALI ANBEES, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>KHALIFA HIFTER, *et al.*,<br><br>               Defendants. | **DEFENDANT SADDAM HIFTER'S OBJECTION AND RESPONSE TO PLAINTIFFS' REPLY BRIEF ARGUMENT FOR SERVICE THROUGH LIMITED APPEARANCE COUNSEL**<br>Case No. 1:23-cv-02061-AHA<br>Judge Amir H. Ali |

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant Saddam Hifter files this response to Plaintiffs' argument for service through limited appearance counsel solely to comply with this Court's order. (Minute Order, May 8, 2026.) Defendant objects under Rule 7(b) to the Court ruling on Plaintiffs' argument, which was never raised by formal motion but rather for the first time in their reply brief on an unrelated motion for entry of default. This response is not a waiver of that objection, nor should it be construed as an expansion of the limited appearance entered on April 14, 2026 for the sole purpose of opposing Plaintiffs' Request for Clerk's Entry of Default. (ECF No. 23). This response is filed exclusively because the Court has directed it, and for no other purpose. Defendant respectfully does not submit to the jurisdiction of this Court by filing this response, does not waive any defense under Federal Rule of Civil Procedure 12(b) or otherwise, and expressly preserves all defenses previously described, including lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5). *See Shatsky v. Palestine Liberation Organization*, 955 F.3d 1016, 1038-39 (D.C. Cir. 2020); *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012).

**FACTS**

On April 13, 2026, Plaintiffs filed a motion (ECF No. 21) with a proposed order requesting the Clerk of Court to enter default against Defendant Saddam Hifter under Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1. Plaintiffs claimed to have personally served Defendant on April 29, 2025, which would have required a responsive pleading by May 20, 2025. The proof of service (ECF No. 15) established that the process server had served a person he thought was Defendant. The process server had attended a conference at the Ritz-Carlton in Washington, D.C., spoke with an unidentified conference attendee and said he was "looking to meet with Saddam Hifter." The unidentified person told him he was "the man on stage signing papers." When the man "walked off the stage and began talking to other attendees and taking photos" the server "approached him and stated his name out loud." The man made eye contact and extended his hand, and the server handed him the summons and complaint.

The next day, on April 14, 2026, Defendant, through U.S. counsel making a special appearance for the limited purpose of opposing the motion, filed an opposition. (ECF No. 23). Defendant argued that default was improper because he had not been properly served. Defendant was not at the conference at the Ritz-Carlton; his brother Belqasem Hifter was the keynote speaker at that event. The process server had mistaken the identity of Defendant. In support, Defendant submitted a declaration, pursuant to Title 28, United States Code, Section 1746, of the original process server. The declaration established that he served Defendant's brother, including by reference to a photograph of the brother at the same event attended by the process server. Defendant also submitted publicly available evidence, including the U.S. State Department's own readout, establishing that on April 28, 2025, the day before the purported service, Saddam Hifter was at the State Department for official diplomatic meetings, while his brother Belqasem

2

was the keynote speaker at the Libyan-American Forum for Development and Reconstruction at the Ritz-Carlton on April 28-29, 2025. (ECF No. 23 at 3-5.)

On May 1, 2026, Plaintiffs replied to Defendant's opposition. (ECF No. 25). Plaintiffs maintained, in the face of evidence to the contrary and without producing any further evidence, that they in fact served Defendant. Instead Plaintiffs' counsel implied that the declaration submitted by Defendant's counsel was a forgery. At the end of the Plaintiffs' reply brief, they argued in the alternative under Rule 4(f)(3) that the Court authorize Plaintiffs to serve Defendant through the undersigned counsel, who had made the limited appearance to oppose entry of default for failure of service. Plaintiffs did not attach a proposed order with their Rule 4(f)(3) argument.

On May 8, 2026, the Court ordered Defendant to file a response to Plaintiffs' argument by May 15. For the reasons set forth below, Defendant objects to the Court ruling on the merits of Plaintiffs' argument raised only in a reply brief in support of a different motion, responds to the substance of that argument, and offers a practical resolution that will allow this case to proceed to the merits.

## **ARGUMENT**

### A. Plaintiffs' Default Request Is Based on a False Affidavit of Service, and Plaintiffs Have a Duty Under Rule 11 to Withdraw It Rather Than Use It as a Vehicle for Alternative Service

Before addressing Plaintiffs' request for service through counsel, the Court should consider the posture in which that request arises. Plaintiffs' Request for Clerk's Entry of Default (ECF No. 21) is based on a Return of Service (ECF No. 15) that is now demonstrably false. The process server's own subsequent sworn declaration confirms he served someone he merely "believed at the time to be Saddam Hifter." (ECF No. 23, Ex. A ¶ 3.) Photographic evidence and publicly available reporting establish that the person served was Defendant's brother Belqasem,

3

who was the keynote speaker at the Ritz-Carlton event on April 28-29, 2025. (ECF No. 23 at 3-5.)

Plaintiffs were put on notice of these facts on April 14, 2026, when Defendant filed his opposition. Under Rule 11, Plaintiffs had a continuing obligation to investigate and, upon confirming that the service was defective, to withdraw the default request. Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 39 (D.D.C. 2006) (quoting Fed. R. Civ. P. 11(b) advisory committee notes). As the D.C. Court of Appeals has held, "a litigant's obligations with respect to the contents of [its] papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Goldschmidt v. Paley Rothman*, 935 A.2d 362, 378 (D.C. 2007).

Instead of withdrawing the default request, Plaintiffs doubled down. On May 1, 2026, they filed a Reply maintaining that service was valid, without producing any new evidence, without contacting the process server to investigate, and without addressing the photographic evidence or the publicly available reporting. (ECF No. 25.) They then used the final pages of that Reply to request alternative service through counsel. (*Id.* at 10-12.)

This Court has confronted precisely this scenario. In *Salmeron v. District of Columbia*, 113 F. Supp. 3d 263, 271 (D.D.C. 2015), the Court vacated a default judgment and ordered plaintiffs' counsel to show cause why Rule 11 sanctions should not be imposed after the attorney sought a default judgment while knowing that service was defective. The Court found that counsel "had been made aware that the District had not been properly served" and was "deeply troubled by plaintiffs' counsel's frivolous and unwarranted filing." *Id.*

Plaintiffs should not be permitted to maintain a motion based on a false affidavit of service as a vehicle to obtain alternative service through counsel.

## B. Plaintiffs' Rule 4(f)(3) Request Was Not Properly Raised and Is Designed to Circumvent the Limited Nature of Counsel's Appearance

Plaintiffs' exclusive procedural pathway for an order authorizing service by alternative means under Rule 4(f)(3) is through a formal motion under Rule 7(b)(1), not via a request for relief in the alternative in the last section of a reply brief on a motion for entry of default. In the primary case Plaintiffs rely on for the substance of their argument, the D.C. Circuit has explicitly recognized that a party seeking to serve a foreign defendant's U.S. counsel under Rule 4(f)(3) should file a formal motion. *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014) ("Generally under the Federal Rules of Civil Procedure and the applicable local rules, a party seeking a district court order would file a formal motion and include a proposed order apprising the court of its request and specifying the relief sought.").

Unlike in *Freedom Watch*, where the defendant did not object under Rule 7(b) and fully briefed the merits of the argument, Defendant Saddam Hifter objects. On remand, the district court rejected plaintiff's request to serve U.S. counsel under Rule 4(f)(3), while noting that "Freedom Watch uses its reply brief to once again inappropriately request that this Court devise some method of service that would enable it to serve OPEC . . . The Court will not fall into this trap again and consider a request that should have been proposed by Freedom Watch itself through its motion." *Freedom Watch v. Organization of Petroleum Exporting Countries*, 107 F. Supp. 3d 134, 136 n.4 (D.D.C. 2015). Similarly, in another case Plaintiffs rely on, the court only ruled on the Rule 4(f)(3) argument made in the context of an opposition brief on a different motion because the "defendant did not lodge a procedural objection, and he addressed the merits

of the plaintiff's request and even referred to it as a 'motion for alternative service.'" *Hashem v. Shabi*, No. CV 17-1645 (ABJ), 2018 WL 3382913, at *4 n.5 (D.D.C. Apr. 26, 2018); *see also Klayman v. Obama*, 125 F. Supp. 3d 67, 72 n.2 (D.D.C. 2015) ("Plaintiffs suggested in their Service Response that alternative service under [Rule 4(f)(3)] might be appropriate. No procedurally proper request for an order authorizing such service has been made and the court declines without prejudice to consider this half-formed request.") (citing 766 F.3d at 82).

This procedural deficiency is not merely technical. It is strategic. Undersigned counsel entered a limited appearance for the sole purpose of opposing Plaintiffs' Request for Clerk's Entry of Default. (ECF No. 23 at 1-2). If the Court denies Plaintiffs' Request, finding, as the record demonstrates, that Plaintiffs served the wrong person, then counsel's limited appearance will have served its purpose and there will be no counsel of record through whom service could be effected. Plaintiffs understand this and therefore buried their service-through-counsel request in the final pages of a reply brief rather than filing a formal motion.

## C. Response to the Substance of Plaintiffs' Argument

Defendant objects to the Court ruling on Plaintiffs' request and respectfully preserves that objection. However, because the Court has ordered a response, Defendant addresses the substance of Plaintiffs' argument without waiving the foregoing objection.

**1. Authorizing service through specially appearing counsel would create perverse incentives and chill future appearances.**

If the Court were to authorize service through counsel who appeared specially to contest defective service, defendants who discover they have been improperly served would be deterred from appearing to contest the defect, because doing so would hand plaintiffs a ready-made vehicle for service. The result would be more defaults, not fewer. *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). As one court has recognized, "there is a public value in allowing an

individual who in good faith seeks such advice to obtain it without simultaneously and automatically appointing counsel as an agent for service of process or relieving any adversary of the otherwise applicable requirements for service of process." *Convergen Energy LLC v. Brooks*, No. 1:20-cv-03746, slip op. at 10 (S.D.N.Y. July 17, 2020).

**2. Plaintiffs have not made adequate efforts at conventional service of Saddam Hifter.**

Aside from sending an inexperienced process server intern to serve process — without providing the intern a photograph of Defendant despite the availability of publicly available photographs — at a conference where Defendant was not scheduled to attend, relying on the verbal identification of an unidentified third party, there is no record that Plaintiffs ever attempted proper service of Defendant Saddam Hifter. Plaintiffs' three-year history of service difficulties relates to Khalifa Hifter and Pavel Prigozhin, defendants domiciled in Libya and Russia. Saddam Hifter is a different defendant who was in Washington, D.C. on April 28-29, 2025 for meetings at the U.S. State Department. (ECF No. 23 at 3.) He was not hiding. He was not evading. *See Stallard v. Goldman Sachs Group, Inc.*, Civ. No. 20-2703 (RBW), 2022 WL 59395, at *8 (D.D.C. Jan. 6, 2022) (denying motion to serve defendant's U.S. counsel under Rule 4(f)(3) where "there is no evidence that the plaintiff has made any attempt at service in a manner that complies with Rule 4(f) prior to asking the Court" for relief).

**D. Defendant's Offer to Waive Service in the Interest of Judicial Economy**

Notwithstanding the foregoing objections, each of which Defendant believes is meritorious and well-supported, Defendant recognizes that this case has been pending since July 2023 and that the Court and the parties would benefit from proceeding to the merits of a motion to dismiss by Defendant Hifter, rather than continuing to litigate service-related disputes.

7

Accordingly, provided that the Court (1) denies Plaintiffs' Request for Clerk's Entry of Default (ECF No. 21), factual findings on which Defendant regards as a necessary component of the record in this case given Plaintiffs' counsel's baseless allegation of forgery, and (2) denies Plaintiffs' request for service through counsel as procedurally improper, Defendant Saddam Hifter offers to waive service of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 4(d). This offer is made voluntarily, in the interest of judicial economy, and from a position of confidence in the merits of Defendant's defenses.

Consistent with Rule 4(d)(5), this waiver does not waive any objection to personal jurisdiction or to venue, nor does it waive any other defense available under Rule 12(b) or otherwise. Defendant expressly preserves all defenses previously identified, including lack of personal jurisdiction under Rule 12(b)(2), failure to state a claim under Rule 12(b)(6), and lack of standing.

Given the complexity of the legal issues presented, which include questions of personal jurisdiction over a foreign military official under Rule 4(k)(2) and the D.C. Circuit's decision in *Lewis v. Mutond*, 62 F.4th 587 (D.C. Cir. 2023); standing under the TVPA in light of recent decisions in *Elzagally v. Hifter*, No. 19-cv-853 (E.D. Va. Jan. 8, 2026), and *al-Suyid v. Hifter*, No. 20-cv-170 (E.D. Va. Jan. 8, 2026); and the doctrine of command responsibility under international law — as well as the practical difficulties of communicating with a client who is a senior military official domiciled in Libya, Defendant respectfully requests that the Court enter a briefing schedule providing ninety (90) days from the date of the order for Defendant to file a motion to dismiss, with proportional response and reply periods.

A proposed order is submitted herewith.

## CONCLUSION

For the foregoing reasons, Defendant Saddam Hifter respectfully requests that the Court (1) deny Plaintiffs' Request for Clerk's Entry of Default (ECF No. 21); (2) deny Plaintiffs' request for service through counsel as procedurally improper under Rule 7(b)(1); (3) accept Defendant's voluntary waiver of service pursuant to Rule 4(d); and (4) enter the attached proposed order setting a briefing schedule for Defendant's motion to dismiss.

Dated: Washington, D.C.
May 15, 2026

Respectfully submitted,
Parlatore Law Group, LLP

Timothy Parlatore
260 Madison Ave., 17th Floor
New York, New York 10016
timothy.parlatore@parlatorelawgroup.com

Jason A. Masimore *(Pro Hac Vice to be filed)*
Brodbecks Law, PLLC
305 Broadway, 7th Floor
New York, New York 10007
jason.masimore@brodbeckslaw.com
*Counsel for Defendant Saddam Hifter*
*(Special Appearance — Without Submission to Jurisdiction)*

9