UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED ABUOJAYLAH ALI ANBEES, *et al.*,

Plaintiffs,

v.

KHALIFA HIFTER, *et al.*,

Defendants.

Case No. 1:23-cv-02061-AHA
Judge Amir H. Ali

**DEFENDANT SADDAM HIFTER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Saddam Hifter, by and through undersigned counsel, appearing specially and without submitting to the jurisdiction of this Court, respectfully moves this Court, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Second Amended Complaint (ECF No. 12) as against him. The grounds for this Motion are as follows:

1. This Court lacks personal jurisdiction over Defendant Saddam Hifter. Plaintiffs invoke Federal Rule of Civil Procedure 4(k)(2) as the sole basis for personal jurisdiction over him, but the Second Amended Complaint alleges no domicile in any United States forum and no conduct by him directed at the United States. The events alleged took place in and around Espiaa, Libya, on September 23-24, 2019, and are nowhere alleged to have targeted or involved the United States. The Second Amended Complaint should therefore be dismissed as against him under Rule 12(b)(2).

2. In the alternative, and only if the Court reaches the merits, the Second Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed as against Defendant Saddam Hifter under Rule 12(b)(6), for four independent reasons:

   a. it fails to plead that Defendant Saddam Hifter exercised effective control over the alleged perpetrators, as the doctrine of command responsibility requires, and the Supreme Court's decision in *Cisco Systems, Inc. v. Doe* forecloses the conspiracy and aiding-and-abetting theories pleaded against him;

   b. it fails to allege a "deliberated" killing, as the Torture Victim Protection Act requires to state a claim for extrajudicial killing;

   c. Plaintiff Anbees has not demonstrated standing to sue on behalf of the estates of the Deceased; and

   d. it fails to allege conduct meeting the definition of "torture" under the Torture Victim Protection Act and controlling precedent.

3. This Motion is supported by the accompanying Memorandum of Law in Support of Defendant Saddam Hifter's Motion to Dismiss the Second Amended Complaint, which is incorporated herein by reference, and by the entire record in this action. A proposed order is submitted herewith.

WHEREFORE, Defendant Saddam Hifter respectfully requests that the Court (1) dismiss the Second Amended Complaint as against him under Rule 12(b)(2) for lack of personal jurisdiction, such dismissal being without prejudice, *see Al-Suyid v. Hifter*, 139 F.4th 368 (4th Cir. 2025); (2) in the alternative, dismiss the Second Amended Complaint with prejudice as against him under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) grant such other and further relief as the Court deems just and proper.

Dated: Washington, D.C.
August 17, 2026

Respectfully submitted,

Timothy Parlatore
Parlatore Law Group, LLP
260 Madison Ave., 17th Floor
New York, New York 10016
timothy.parlatore@parlatorelawgroup.com

Jason A. Masimore *(Pro Hac Vice to be filed)*
Brodbecks Law, PLLC
305 Broadway, 7th Floor
New York, New York 10007
jason.masimore@brodbeckslaw.com

*Counsel for Defendant Saddam Hifter*